**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIM KENNEDY, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CMRE FINANCIAL SERVICES, INC., and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, KIM KENNEDY, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, CMRE FINANCIAL SERVICES, INC, ("CMRE"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Union County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CMRE maintains a location at 3075 e Imperial HWY, Suite 200, Brea, CA 92821-6753.

8. Upon information and belief, CMRE uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. CMRE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All Union County, New Jersey consumers who were sent initial communications from CMRE concerning a debt and/or obligation owed to another, which included the alleged conduct and practices described herein.

- The class definition may be subsequently modified or refined.
- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendant violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*

    b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before January 2, 2019, Plaintiff allegedly incurred a financial obligation to Atlantic Medical Group ("ATLANTIC").

16. The ATLANTIC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The ATLANTIC obligation arose out of a transaction, which was not for business purposes.

18. The ATLANTIC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. ATLANTIC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. On or before July 23, 2019, the ATLANTIC obligation was referred to CMRE for the purpose of collection.

21. At the time the ATLANTIC obligation arose out of a transaction obligation was placed CMRE the ATLANTIC obligation was past due.

22. CMRE caused to be delivered to Plaintiff a letter dated July 23, 2019, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A.**

23. The July 23, 2019 letter was the date of the initial communication from CMRE to Plaintiff.

24. The July 23, 2019 letter stated in part:

> Dear Kim E Kennedy
>
> Our client has placed the accounts for collection with our office. We may be reached at (866) 206-1336, Monday through Friday between the hours of 7:00 am and 5:30 pm PST.

25. The July 23, 2019 letter was sent to Plaintiff in connection with the collection of the ATLANTIC obligation.

26. Upon receipt, Plaintiff read the July 23, 2019 letter.

27. The July 23, 2019 letter did not define who is the "Our client" that CMRE was referring to in the letter.

28. Plaintiff has no knowledge of identity of CMRE's client.

29. The July 23, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. The July 23, 2019 letter is a "initial communication" as defined by 15 U.S.C. § 1692a(2).

31. Section 1692g(a)(2) of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> 2. The name of the creditor to whom the debt is owed.

3. The July 23, 2019 letter does clearly inform the least sophisticated consumer the name of the creditor to whom the debt is owed.

4. On July 23, 2019 letter further stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in *writing* within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you *request* of this office in *writing* within 30 days of receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor. [emphasis added].
>
> You may send your *written request* to CMRE Financial Services, Inc., 3075 E. Imperial Highway, Suite 200, Brea, CA 92821 to the attention of: Resolution Department. Please be sure to include and refer to the below-referenced CMRE account number and statement date. [emphasis added].
>
> Sending an eligible check for payment to us is deemed sufficient authorization to complete the payment by electronic debit. By doing so, your checking account will be debited for the amount of the check and your canceled check will not be returned to your bank.
>
> Calls to and from this office may be monitored or recorded.
>
> Nadia S. - Ext. 2009
> Account Representative

34. CMRE' instructions in the July 23, 2019 letter;  You may send your *written request* to CMRE Financial Services, Inc., 3075 E. Imperial Highway, Suite 200, Brea, CA

92821 to the attention of: Resolution Department, leads the least sophisticated consumer to believe that she would only need to send a writing if she was requesting information, such as the name and address of the original creditor or verification of the debt.

35. The least sophisticated consumer upon reading the July 23, 2019, letter not requesting information and only seeking only to dispute the debt would believe that she was not required to send a written dispute. But, rather she could simply call CMRE at the telephone number provided in the very first paragraph of the letter, between the hours provide and that her call may be "monitored or recorded".

36. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

37. The July 17, 2017 letter did not contain the required notice pursuant to Section 1692g(a)(3) of the FDCPA.

38. CMRE knew or should have known that its actions violated the FDCPA.

39. CMRE could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

40. It is CMRE's policy and practice to send written initial and subsequent collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Failing to effectively provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(2);

(b)     Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3); and

(c)     Making a false representation and deceptive means to attempt to collect a debt.

41.    On information and belief, CMRE sent written communications in the form annexed hereto as **Exhibit A,** , to at least 40 natural persons in Union County New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

42.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

43.    Collection letters and/or notices, such as those sent by CMRE, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44.    The July 23, 2019 letter fails to inform the least sophisticated consumer pursuant her statutory right to the name of the creditor to whom the debt is owed..

45.    The July 23, 2019 letter fails to properly inform Plaintiff who is the "Our client" that CMRE is referring to in the first paragraph.

46.    The least sophisticated consumer, upon reading the July 23, 2019 would be unsure as to whether CMRE is attempting to collect the debt for a client who could be some entity other than ATLANTIC.

47.    The least sophisticated consumer would be unsure as to who the "Total Due" as list in the July 3, 2019 letter, is actually owed to.

48.    Section 1692g(a)(2) of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (2) The name of the creditor to whom the debt is owed..

49. CMRE violated 1692g(a)(2) of the FDCPA by failing to clearly state in the July 23, 2019 letter to Plaintiff, to whom the debt is owed.

50. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representations or means in connection with the collection or attempted collection of a debt.

51. CMRE violated 1692e(10) of the FDCPA by stating in in the first paragraph of the July 23, 2019 letter: "Our client" has placed the accounts for collection with our office…, without informing the reader who the identity of the "Our client".

52. The least sophisticated consumer upon reading the July 23, 2019 letter would be lead to believe that the "Our client" is: (1) an entity other than ATLANTIC that purchased the debt and/or was hired to collect the debt; or (2) ATLANTIC is the "Our client" that CMRE was referring to.  At least one of these readings would be inaccurate.

53. Section 1692g(a)(3)of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

54. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

55. CMRE included the following language in the July 23, 2019 letter to Plaintiff:

> You may send your *written request* to CMRE Financial Services, Inc., 3075 E. Imperial Highway, Suite 200, Brea, CA 92821 to the attention of: Resolution Department. Please be sure to include and refer to the below-referenced CMRE account number and statement date. [emphasis added].

56. CMRE violated Section 1692g(a)(3) of the FDCPA by including language in the July 23, 2019 letter, which would leave the sophisticated consumer unsure as to what she must do to effectively dispute the debt.

57. The least sophisticated consumer upon reading the July 23, 2019 letter would be confused and/or unsure as to what she must do to effectively dispute the alleged debt.

58. Because of the language: "You may send you written request to CMRE Financial Services, Inc…." The least sophisticated consumer not seeking and/or requesting information, but only disputing the debt, would be lead to believe that she was not required to a written dispute.

59. The least sophisticated consumer upon reading the July 23, 2019 letter would believe that she was only required to send a writing to CMRE if she was requesting information, such as the name of the original creditor or verification of the debt.

60. Because the July 23, 2019 letter clearly instructs that a "request" needs to be in writing, the least sophisticated consumer not requesting information would be lead to believe that if she was not requesting anything from CMRE, that a writing was not required to simply dispute the debt.

61. It is certainly reasonable for the least sophisticated consumer to believe that disputing a debt in order to prevent a debt collector from assuming the debt to be valid, is not a request of CMRE.

62. CMRE further violated Section 1692e(10) of the FDCPA by proving misleading information as to what Plaintiff must due to effectively dispute the debt and prevent the debt collector from assuming the debt to be valid.

63. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

64. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

66. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

67. Plaintiff and others similarly situated were sent letters, and/or notices, which would have affected their decision-making with regard to the debt.

68. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

69. Plaintiff has suffered damages and other harm as a direct result of CMRE's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

      (a)      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

      (b)      Awarding Plaintiff and the Class statutory damages;

      (c)      Awarding Plaintiff and the Class actual damages;

      (d)      Awarding pre-judgment interest;

      (e)      Awarding post-judgment interest.

      (f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      (g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: August 7, 2019

                                              *s/ Joseph K. Jones*
                                              Joseph K. Jones, Esq.
                                              JONES, WOLF & KAPASI, LLC
                                              375 Passaic Avenue
                                              Fairfield, New Jersey 07004
                                              (973) 227-5900 telephone
                                              (973) 244-0019 facsimile
                                              jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                              *s/ Joseph K. Jones*
                                              Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 7, 2019

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

CMRE FINANCIAL SERVICES, INC
3075 E IMPERIAL HWY SUITE 200
BREA CA 92821-6753


Financial Services, Inc.

Phone: (866) 206-1336
customerservice@cmrefsi.com | www.cmrefsi.com
Hours: 7:00 am - 5:30 pm Pacific Standard Time

Notice: Please see reverse side for important information regarding your rights

KIM E KENNEDY

Statement Date: July 23, 2019                                    Patient Name: KIM E KENNEDY

Dear Kim E Kennedy

Our client has placed the accounts for collection with our office. We may be reached at (866) 206-1336, Monday through Friday between the hours of 7:00 am and 5:30 pm PST.

For your convenience, you may pay with your Visa, MasterCard, American Express, Discover Card, Western Union Quick Collect, personal check, or money order. To pay your bill online, go to www.cmrefsi.com. You may also access our automated payment center 24 hours a day, 7 days a week using your CMRE account number and PIN number located at the bottom left hand portion of this notice when making your payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days of receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

You may send your written request to CMRE Financial Services, Inc., 3075 E. Imperial Highway, Suite 200, Brea, CA 92821 to the attention of: Resolution Department. Please be sure to include and refer to the below-referenced CMRE account number and statement date.

Sending an eligible check for payment to us is deemed sufficient authorization to complete the payment by electronic debit. By doing so, your checking account will be debited for the amount of the check and your canceled check will not be returned to your bank.

Calls to and from this office may be monitored or recorded.

Nadia S. - Ext. 2009
Account Representative

This is a communication from a debt collector.
This is an attempt to collect a debt and any information obtained will be used for that purpose.

Page 1 of 2
T01

Please retain top portion for your records.                                T01

| | |
|---|---|
| CMRE Account #: | |
| Pin #: | 4671 |
| Phone: | (866) 206-1336 |
| Patient: | KIM E KENNEDY |
| Creditor Account #: | |
| Creditor Balance: | $420.00 |
| Total Due: | $420.00 |

To pay your bill online, go to www.cmrefsi.com

Statement Date: July 23, 2019

Remit To:
CMRE FINANCIAL SERVICES, INC
3075 E IMPERIAL HWY SUITE 200
BREA CA 92821-6753

3975

## Important information about your debt.

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of rights that consumers have under state and federal law.

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair DEBT Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area. State and federal law require debt collectors to treat you fairly, and prohibit debt collectors from making false statements or threats of violence, using obscene or profane language, and making improper communications with third parties, including your employer.

The Rosenthal Act, California Civil Code Section 1788.21, also requires that you notify your creditor within a reasonable amount of time of your change of name, address, or employment for any existing consumer credit.

**Colorado Residents:**
Colorado Location:
7200 S Alton Way Ste B180, Centennial, CO 80112
(303) 309-3839
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Connecticut Residents:**
Each hospital which holds or administers one or more hospital bed funds shall require its collection agents, in all bills and collection notices, to include a one-page summary describing the hospital bed fund and how to apply for such funds.

**Massachusetts Residents:**
NOTICE OF IMPORTANT RIGHTS:
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce, License Number: 40035249

**Nevada Residents:**
If you pay or agree to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as:
(1) An acknowledgment of the debt; and
(2) A waiver of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt.
If you do not understand or have questions concerning your legal rights or obligations relating to the debt, you should seek legal advice.
(3) As used in this section, "Hospital" has the meaning ascribed to it in NRS 449.012.

**New York City Residents:**
This collection agency is licensed by the New York Department of Consumer Affairs, License Number: 3495596

**North Carolina Residents:**
This collection agency is licensed by the North Carolina Department of Insurance, Permit Number: 103839

**Tennessee Residents:**
This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance.

**Utah Residents:**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

| Creditor Name | Creditor Ref No | Creditor Balance | Total |
|---|---|---|---|
| ATLANTIC MEDICAL GROUP 01/02/19 | ██████████ | 363.00 | 363.00 |
| ATLANTIC MEDICAL GROUP 01/02/19 | ██████████ | 57.00 | 57.00 |
| | | | 420.00 |